### Appeal of HOWARD SHEEP CO.          Docket No. 1128.

> The Commissioner having disallowed certain salary deductions claimed by the taxpayer for the year 1918, granted it special assessment under the provisions of sections 327 and 328 of the Revenue Act of 1918 on the ground of abnormality and determined a deficiency in tax. The taxpayer appealed from the determination of deficiency and claims that its salary deductions should be allowed. *Held,* that the taxpayer is not estopped to make this claim.

Submitted February 11, 1925; decided April 7, 1925.

*Edward Thompson, C. P. A.,* for the taxpayer.

*Willis D. Nance, Esq.,* for the Commissioner.

Before IVINS and KORNER.

IVINS: The taxpayer in its income-tax return for 1918 claimed a deduction from gross income of $15,000 for officers' salaries. The Commissioner indicated an intention of disallowing $12,600 of this deduction. The taxpayer then made application to have its tax determined under the provisions of sections 327 and 328 of the Revenue Act of 1918, claiming abnormality due to payment of low salaries to officers and due to the large amount of borrowed capital

used in the business. The Commissioner computed the tax under the provisions of section 328 and found a deficiency of $14,151.97. From this the taxpayer appealed claiming that, instead, its salary deductions should have been allowed.

To the taxpayer's appeal the Commissioner filed a plea in bar (which we treat as equivalent to a motion to dismiss) claiming that the taxpayer, after having made application for special assessment, which application was granted, is estopped from questioning the Commissioner's disallowance of its salary deduction.

The doctrine of *estoppel in pais* is a rule of equity that the courts are rather reluctant to apply. In order to be allowed to invoke the doctrine one must show: (1) That there has been a false representation concerning material facts; (2) that the representation was made with knowledge of the facts; (3) that the party to whom it was made must have been permissibly ignorant of the truth of the matter; (4) that the representation must have been made with the intention that it should be acted upon; and (5) it must have been acted upon to the damage of the party acting. See Bigelow on Estoppel, p. 26; Bouvier's Law Dictionary, tit. "Estoppel."

We do not think that in this case there was any misrepresentation of facts. The taxpayer represented the facts to the Commissioner as it represents them to this Board. The Commissioner refused to accept its representations, and then the taxpayer said, "Well, if you are going to disallow our salary claims, you should at least give us special assessment." Had the relief under special assessment resulted in a sufficient reduction of the tax to satisfy the taxpayer, it would have dropped the matter, but when it found that the relief under section 328 still left it with a considerable deficiency, it decided to appeal to this Board upon its main proposition—that its salary deduction should not be disallowed. We cannot see that there has been any false representation of facts by the taxpayer, that the Commissioner was ignorant of the facts, or that the Commissioner has taken any action to his damage. Therefore the doctrine of *estoppel in pais* has no application.

The Commissioner's motion to dismiss is denied, and he will be allowed twenty days in which to answer the petition.